1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernard Laborin, | CIV 13-2167-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Bernard Laborin application for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 40). After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning August 8, 2008. His applications were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing before an administrative law judge. A hearing was held on August 9, 2012, and the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, affirmed the decision of the ALJ. Plaintiff then appealed the Court's decision to the Ninth Circuit Court of Appeals.

On October 11, 2017, the Ninth Circuit issued its Mandate, finding that the ALJ's decision was not supported by substantial evidence, and remanding this matter back to the district court with instructions to remand to the Commissioner for further proceedings. Specifically, the court found: (1) the ALJ erred in giving treating physician Dr. Tran's opinion "very little weight" without analyzing the required factors; (2) the ALJ erred in rejecting some of Laborin's symptom testimony; and (3) the ALJ erred by not sufficiently explaining why Laborin's lumbar spine impairment did not meet or medically equal a Social Security Listing.[1]

The EAJA allows "a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded. See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).

The "position of the United States" includes both its litigating position and the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). For this position to be substantially justified, it must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." Pierce

---

[1] The Ninth Circuit also issued an Opinion explicitly rejecting the ALJ's use of the following "boilerplate statement" –

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credited to the extent they are inconsistent with the above residual functional capacity.

The court found that such language "encourages an inaccurate assessment of a claimant's credibility and also permits determination of RFCs that are inconsistent with truly credible testimony. The approach taken by the ALJ was inconsistent with the Social Security Act and should not be used in disability decisions."

v. Underwood, 487 U.S. 552, 565 (1988) (holding that substantially justified means having a reasonable basis both in law and fact). In EAJA actions, the government bears the burden of proving that its position was substantially justified. See Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005). However, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

When analyzing the government's position for substantial justification, the Court's inquiry should be focused on the issue that was the basis for remand and not the merits of Plaintiff's claim in its entirety or the ultimate disability determination. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 2008); see also Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be substantially justified at each stage of the proceedings.").

Plaintiff moves for an award of attorney's fees under the EAJA in the amount of $20,216.10. Defendant opposes Plaintiff's request, arguing that the government's position was substantially justified.

It is undisputed that Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Having reviewed the parties' pleadings and the record in this matter, the Court concludes that Defendant's decision to defend the ALJ's determination was not substantially justified.

In its response, Defendant argues that, although the Ninth Circuit did not agree, the Commissioner was substantially justified since this Court "agreed with the Commissioner's position," illustrating "that a reasonable person could – and did – think that the Commissioner's position was not 'arbitrary, frivolous, unreasonable or groundless.'" Defendant argues that this Court's ruling, along with the fact that the Ninth Circuit found that the ALJ did not err in discounting the lay witness testimony of Plaintiff's wife and that an immediate award of benefits was inappropriate, shows that the Commissioner's position was substantially justified.

As stated previously, the Ninth Circuit determined that the ALJ's decision was not supported by substantial evidence. The ALJ's multiple errors in assessing Dr. Tran's opinion, rejecting Plaintiff's credibility, and failing to explain why Plaintiff's lumbar spine impairment did not meet or medically equal a Social Security Listing, were clear procedural errors and, as such, the Court cannot say that the Commissioner's defense of the ALJ's findings were substantially justified. See, e.g., Roe v. Comm'r of Soc. Sec., 651 Fed.Appx. 583, 585 (9th Cir. 2016); Corbin, 149 F.3d at 1053 (finding that "the government's defense of basic and fundamental procedural errors" is "difficult to justify").

Defendant contends that this Court "agreed with the Commissioner's position," demonstrating "that a reasonable person could – and did – think that the Commissioner's position was not 'arbitrary, frivolous, unreasonable or groundless.'" The Court is not persuaded. Although it is proper to consider the government's past successes when evaluating substantial justification, see Meier v. Colvin, 727 F.3d 867, 873 (9th Cir. 2013) (citing Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002)), success at the district court level alone does not make the government's position substantially justified when, as in this case, the ALJ failed to (1) offer specific and legitimate reasons that are supported by substantial evidence in the record for contradicting a treating physician, or (2) offer clear and convincing reasons for rejecting a claimant's credibility. Thus, the Commissioner's success at the district court, without more, fails to demonstrate that the government's position is substantially justified. Therefore, Plaintiff is entitled to reasonable attorney's fees under the EAJA.

Because Plaintiff is entitled to attorney's fees, the Court will determine whether the requested fees are reasonable. Plaintiff moves for an award of attorney's fees in the amount of $20,216.10. Along with his application, Plaintiff's counsel has filed an Itemization of Services and Affidavit indicating that the fee amount represents 103.40 hours of attorney time, 6.40 hours of paralegal time, and costs associated with this case. Defendant has not objected to the number of hours spent on this matter or to the hourly rate. The Court finds that Plaintiff's request for a total cumulative fee award of $20,216.10 is reasonable. Plaintiff's

application for attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 40) will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 40) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $20,216.10 pursuant to the Equal Access to Justice Act;

**IT IS FURTHER ORDERED** that, this award shall be payable to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to Astrue v. Ratliff, 560 U.S. 586, 594 (2010).

DATED this 22nd day of January, 2018.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge